UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PNC Bank, National Association,

                Plaintiff,        Case No. 24-13315

v.                                    Judith E. Levy
                                    United States District Judge

Jeffery Land Co., LLC, *et al.*,

                                    Mag. Judge Curtis Ivy, Jr.

                Defendants.

_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO APPOINT RECEIVER [14]**

PNC Bank, National Association ("PNC") brings suit against Jeffery Land Company, LLC ("JLC"), Expert Machine Repair, Inc. ("Expert"), Jeffery Novak ("Jeffery"),[1] and Michelle Novak ("Michelle").[2] PNC alleges that JLC received two loans from PNC in 2015, and Expert received a revolving line of credit from PNC in 2012. (ECF No. 1, PageID.3–4.) Jeffery was the guarantor of JLC and Expert's debt to PNC,

---

[1] Jeffery is the sole member of JLC and is the resident agent of Expert.

[2] The Michigan Department of Treasury was a Defendant in this case. The Court issued a stipulation and order dismissing the Department of Treasury on January 12, 2025. (ECF No. 11.)

and Michelle was a guarantor of JLC's debt to PNC. (*Id*. at PageID.4–5.) In consideration of PNC's extensions of credit to JLC, and to secure repayment of its debts to PNC, JLC executed and delivered mortgages in favor of PNC, which encumbered real property located in Roseville, Michigan (the "Property"). (*Id.* at PageID.5.) JLC and Expert defaulted its obligations to PNC. (*Id.* at PageID.6–11.)

Before the Court is PNC's motion to appoint receiver. (ECF No. 14.) Because JLC defaulted, PNC asks that the Court appoint a receiver for the Property. (*Id*.) PNC's motion was filed on February 13, 2025. (*Id*.) To date, Defendants have not responded to the motion or made an appearance in this case.

Pursuant to Federal Rule of Civil Procedure 66, federal courts may appoint a receiver. "A district court enjoys broad equitable powers to appoint a receiver over assets disputed in litigation before the court. The receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets if necessary." *Liberte Cap. Grp., LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006). The decision whether to appoint a receiver is within

the district court's discretion. *Pension Ben. Guar. Corp. v. Evans Tempcon, Inc.*, 630 F. App'x 410, 414 (6th Cir. 2015). "A receivership is an 'extraordinary remedy' that a court should employ with the 'utmost caution' and grant 'only in cases of clear necessity to protect plaintiff's interests in the property.'" *Id.* (quoting 12 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2983 (3d ed. 2014)).

Courts consider several factors in determining whether to appoint a receiver:

> whether the property at issue is in "imminent danger of . . . being lost, concealed, injured, diminished in value, or squandered," whether the defendant engaged in fraudulent conduct, "the inadequacy of the available legal remedies," the lack of less drastic equitable remedies, and the likelihood that the appointment will do more good than harm. [Wright & Miller, § 2983]. District courts also consider whether there is inadequate security for a debt and whether a debtor is insolvent. *See View Crest Garden Apartments, Inc. v. United States*, 281 F.2d 844, 847 (9th Cir. 1960); *Garden Homes, Inc. v. United States*, 200 F.2d 299, 301 (1st Cir. 1952).

*Pension Ben. Guar. Corp.*, 630 F. App'x at 414–15; *see also Crestmark v. First W. Tr. Bank*, No. 20-11396, 2020 WL 5868385, at *1 (E.D. Mich. Oct. 2, 2020) ("In making this determination, district courts carefully weigh factors such as "the existence of a valid claim by the moving party; the probability that fraudulent conduct has occurred or will occur to

3

frustrate the claim; imminent danger that property will be lost, concealed, or diminished in value; inadequacy of legal remedies; lack of a less drastic equitable remedy; and the likelihood that appointment of a receiver will do more harm than good." (quoting *Meyer Jewelry Co. v. Meyer Holdings, Inc.*, 906 F. Supp. 428, 432 (E.D. Mich. 1995))).

The Court will first address PNC's argument that "the appointment of a receiver would [] be merited under applicable Michigan law, based on the commission of waste and JLC's agreement to the appointment upon default." (ECF No. 14, PageID.190 (citing Mich. Comp. Laws §§ 544.1016(1)(a)(i); 554.1016(2)(a)–(c); 600.2927).) To the extent that PNC argues that the appointment of a receiver is governed by state law, this argument is rejected. While "[t]he Sixth Circuit has never explicitly addressed whether federal or state law governs the appointment of a receiver by a district court where federal jurisdiction is based on diversity," "circuits that have addressed the issue have held that federal law governs." *Cabatech, LLC v. Nextlight, LLC*, No. 1:22-CV-59, 2023 WL 2643795, at *4 (S.D. Ohio Mar. 27, 2023) (quoting *McGirr v. Rehme*, No. 16-464, 2018 WL 3708357, at *8 (S.D. Ohio Aug. 3, 2018)). As such, the

4

Court will apply federal law, not state law, in determining whether a receiver is appropriate in this case.

> PNC claims that appointing a receiver is appropriate because,
>
> (a) Defendant [JLC] has failed to repay its loan obligations to PNC as agreed; and, (b) JLC has failed to pay taxes assessed against the real estate which is encumbered by PNC's mortgage interests, and has otherwise committed waste; (c) JLC consented to such relief upon the occurrence of an event of default; and, (d) the criteria for granting such relief has otherwise been met."

(ECF No. 14, PageID.183.) PNC asserts that the Property is "in jeopardy of being lost" due to "JLC's history of not timely paying real estate taxes" and that JLC's financial position is "precarious at best," as demonstrated by the four liens of record that encumber the Property. (*Id.* at PageID.189.) PNC also asserts that it has a high likelihood of success because of the entry of default (ECF No. 13) and because "the existence of numerous breaches of the obligations . . . are not in dispute." (ECF No. 14, PageID.189–190.) PNC specifies that it "does not assert that there has been any fraudulent conduct on the part of JLC or its principals," and that it believes "that the value of the Property is sufficient to fully satisfy the balances owed to PNC." (*Id.* at PageID.189.)

Although Defendant does not allege that "fraudulent conduct" has or may occur, other factors weigh heavily in favor of such an

5

"extraordinary remedy." *Pension Ben. Guar. Corp.*, 630 F. App'x at 414–15. The Court finds that a receiver is appropriate in this case.

First, district courts in the Sixth Circuit have held that advance consent to a receivership is either dispositive or "a strong factor" in favor of a receivership. *See Fannie Mae v. Hatz One LLC*, No. 1:24-CV-1606, 2025 WL 660158, at *6 (N.D. Ohio Feb. 28, 2025) (collecting cases). JLC consented to the appointment of a receiver for the Property upon default. (ECF No. 14, PageID.186; *see also* ECF No. 14-5, PageID.243.) As such, this factor weighs strongly in favor of appointment of a receiver.

Additionally, JLC's advance consent to the appointment of a receiver suggests that granting PNC's motion would not harm Defendants because "there is little harm in enforcing the terms of the parties' bargain." *Fed. Nat. Mortg. Ass'n v. Mapletree Invs. Ltd. P'ship*, No. 10-CV-10381, 2010 WL 1753112, at *5 (E.D. Mich. Apr. 30, 2010)

PNC also established that the Property is in imminent danger of being lost and less drastic legal remedies would not be sufficient. "JLC's history of not timely paying real estate taxes repeatedly puts [the Property] in jeopardy of being lost" and JLC's financial situation "is precarious at best." (ECF No. 14, PageID.189; *see also* ECF No. 14-8 (tax

6

foreclosure documents).) Further, Defendants' failure to respond to the complaint and the entry of default, combined with their failure to pay property taxes or loan obligations to Plaintiff, demonstrate that other legal remedies would be inadequate to protect PNC's interest in the Property. *See PNC Bank, Nat'l Ass'n v. Mktg. Goldmines Consulting LLC*, No. 20-CV-10672, 2021 WL 21762, at *4 (E.D. Mich. Jan. 4, 2021).

Finally, PNC has a high likelihood of success on the merits in this case. "The existence of numerous breaches of the obligations under the JLC Loans, Mortgages, and other loan documents are not in dispute." (ECF No. 14, PageID.190.) *See also Mktg. Goldmines Consulting LLC*, 2021 WL 21762, at *3 (finding that the plaintiff had a high likelihood of success on the merits because the matter "is a straightforward collection and foreclosure, where the default and entitlements to relief are not in doubt").

The Court finds that the relevant factors weigh heavily in favor of an appointment of a receiver. Plaintiff's motion to appoint receiver (ECF No. 14) is GRANTED.

IT IS SO ORDERED.

| | |
|---|---|
| Dated: March 28, 2025<br>Ann Arbor, Michigan | s/Judith E. Levy<br>JUDITH E. LEVY<br>United States District Judge |

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 28, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager
